**David Allen LONG, a minor 18 years of age, by his father and next friend, Albert L. Long, Plaintiff-Appellant,**

v.

**Robert ZOPP, head football coach of Greenbrier East High School, et al., Defendants-Appellees.**

No. 72–2302.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 5, 1973.

Decided March 29, 1973.

---

2. Which the state court ordered to run concurrently with Karcher's federal sentence.

Michael C. Smith, Union, W. Va., for appellant.

E. M. Payne, III, Beckley, W. Va. (Bowers, File, Hodson & Payne, Beckley, W. Va., on brief), for appellees.

Before RUSSELL and FIELD, Circuit Judges, and BRYAN, District Judge.

PER CURIAM:

Massie v. Henry (4th Cir. 1972), 455 F.2d 779, found it constitutionally impermissible for public schools to impose "hair codes" on their students. The football coach at Greenbrier East High School, however, decreed that all members of the football squad at that school should observe a "hair code" prescribed by him, not merely during football season, but throughout the school year, under penalty of being denied their "letter" for participation as a member of the team. The plaintiff was a student at Greenbrier East High School and a member of the football squad who, by his participation, earned a right to a "letter" in football. He had observed the "hair code" ordered by the football coach during the football season but allowed his hair to grow beyond the prescribed length thereafter. Because of his non-compliance with the "hair code" in the off-season school year, he was denied at the end of the school year his football "letter" and an invitation to the Athletics Banquet by the coach. This action of the coach, on appeal, was sustained by the school authorities. The plaintiff seeks by this action to void as an unconstitutional deprivation this denial of his right to a football "letter" by the school authorities. The District Court dismissed his action. We reverse.

The doctrine of *Massie* is equally applicable to all school-controlled activities. It extends to school athletic programs, as well as to school academic programs. Awards, properly earned in either field, cannot be used as instruments to enforce compliance with a "hair code", for the enforcement of which there is no compelling necessity. Assuming *arguendo* that there might be some hygienic or other reason to support a "hair code", as promulgated by the football coach during football season, such reason would plainly not justify the enforcement of the code after the football season had ended. The action of the football coach was accordingly in violation of the principles enunciated in

*Massie.* *See* Dunham v. Pulsifer (D.C. Vt.1970) 312 F.Supp. 411. The plaintiff is entitled to injunctive relief. Under the circumstances, we do not feel a monetary award is warranted.

Reversed with instructions.