McClung et al., Appellees, *v.* Board of Education of the City of Washington C. H. et al., Appellants.

[Cite as McClung v. Bd. of Edn. (1976), 46 Ohio St. 2d 149.]

(No. 75-851—Decided May 5, 1976.)

152

 

*Mr. Robert L. Simpson*, for appellees.

*Messrs. Kiger & Roszmann, Mr. James A. Kiger* and *Mr. Gary D. Smith*, city solicitor, for appellants.

*Per Curiam.* Appellee contends that Section 1, Article I of the Ohio Constitution and the Fourteenth Amendment to the Constitution of the United States protect his right to determine his own personal appearance. It appears that appellee argues that the grooming guidelines involved herein infringe upon his personal liberty as protected by the aforementioned state and federal constitutional provisions.

Appellants, on the other hand, deny that any constitutional issue or issues are presented by the within cause, and maintain that the issue is whether the Washington Senior High School grooming guidelines are reasonably related to the educational process.

In recent years the federal courts have been called upon to determine whether an individual has a constitutionally protected interest in selecting his or her personal hairstyle. The decisions in those cases evidence a panorama of views on the issue, and have involved military,[1] police,[2] and

[1] See, *e. g., Campbell* v. *Beaughler* (C. A. 9, 1975), 519 F. 2d 1307 (upholding regulation); *Hough* v. *Seaman* (C. A. 4, 1974), 493 F. 2d 298 (striking down anti-wig regulation); *Miller* v. *Ackerman* (C. A. 8, 1973), 488 F. 2d 920 (striking down anti-wig regulation); *Friedman* v. *Froehlke* (C. A. 1, 1972), 470 F. 2d 1351 (striking down anti-wig regulation).

[2] See, *e. g., Ashley* v. *Macon* (C. A. 5, 1975), 505 F. 2d 868 (upholding regulation); *Dwen* v. *Barry* (E. D. N. Y. 1971), 336 F. Supp. 487, reversed and remanded, 483 F. 2d 1126 (C. A. 2, 1973) (summary judgment inappropriate), regulation held invalid upon remand in unreported opinion, affirmed without opinion, 508 F. 2d 836, reversed *sub. nom. Kelley* v. *Johnson* (1976), 44 L. W. 4469 (Decision announced April 5, 1976); *Stradley* v. *Andersen* (C. A. 8, 1973), 478 F. 2d 188 (upholding regulation).

fire[3] personnel, as well as students.[4] The United States Supreme Court has, until recently,[5] refused to consider the issue, having denied certiorari in at least nine cases.[6]

[3]See, e. g., *Kamerling* v. *O'Hagan* (C. A. 2, 1975), 512 F. 2d 443 (upholding regulation); *Michini* v. *Rizzo* (E. D. Pa. 1974), 379 F. Supp. 837, affirmed, 511 F. 2d 1394 (C. A. 3, 1975) (upholding regulation).

[4]The First, Fourth, Seventh and Eighth Circuits have held that a student has a constitutional right to select a particular hair style or hair length, although without agreement as to the source of such right. The various opinions have been based upon the First Amendment freedom of speech clause, the Ninth Amendment rights retained by the people, the equal protection clause of the Fourteenth Amendment, and the due process guarantees of the Fifth and Fourteenth Amendments. See, e. g., *Richards* v. *Thurston* (C. A. 1, 1970), 424 F. 2d 1281; *Massie* v. *Henry* (C. A. 4, 1972), 455 F. 2d 779; *Long* v. *Zopp* (C. A. 4, 1973), 476 F. 2d 180; *Mick* v. *Sullivan* (C. A. 4, 1973), 476 F. 2d 973; *Holsapple* v. *Woods* (C. A. 7, 1974), 500 F. 2d 49, certiorari denied, 419 U. S. 901; *Arnold* v. *Carpenter* (C. A. 7, 1972), 459 F. 2d 939; *Crews* v. *Cloncs* (C. A. 7, 1970), 432 F. 2d 1259; *Breen* v. *Kahl* (C. A. 7, 1969), 419 F. 2d 1034, certiorari denied, 398 U. S. 937; *Torvik* v. *Decorah Community Schools* (C. A. 8, 1972), 453 F. 2d 779; *Bishop* v. *Colaw* (C. A. 8, 1971), 450 F. 2d 1069.

On the other hand, the Third, Fifth, Sixth, Ninth and Tenth Circuits have rejected such constitutional claims. See, e. g., *Zeller* v. *Donegal School Dist. Bd. of Educ.* (C. A. 3, 1975), 517 F. 2d 600; *Murray* v. *West Baton Rouge Parish School Bd.* (C. A. 5, 1973), 472 F. 2d 438; *Karr* v. *Schmidt* (C. A. 5, 1972), 460 F. 2d 609, certiorari denied, 409 U. S. 989; *Gfell* v. *Rickelman* (C. A. 6, 1971), 441 F. 2d 444; *Jackson* v. *Dorrier* (C. A. 6, 1970), 424 F. 2d 213, certiorari denied, 400 U. S. 850; *King* v. *Saddleback Jr. College Dist.* (C. A. 9, 1971), 445 F. 2d 932, certiorari denied, 404 U. S. 979 and *sub. nom. Olff* v. *East Side Union High School Dist.* (1972), 404 U. S. 1042; *Hatch* v. *Goerke* (C. A. 10, 1974), 502 F. 2d 1189; *Freeman* v. *Flake* (C. A. 10, 1971), 448 F. 2d 258, certiorari denied, 405 U. S. 1032 (1972).

[5]In *Kelley* v. *Johnson*, *supra*, fn. 2, decided April 5, 1976, the United States Supreme Court upheld a hair length regulation applicable to policemen. In so doing, however, the court clearly emphasized that its holding was premised upon the fact that a policeman is a public employee, as distinguished from a member of the citizenry at large. Since students are not public employees, the decision in *Kelley* v. *Johnson* is not applicable to the cause at bar.

[6]*Holsapple* v. *Woods*, *Karr* v. *Schmidt*, *Freeman* v. *Flake*, *King* v. *Saddleback Jr. College Dist.*, *Olff* v. *East Side Union High School Dist.*, *Jackson* v. *Dorrier*, *Breen* v. *Kahl*, all *supra*, fn. 4; *Stevenson* v. *Board*

The various state courts throughout the country likewise have been besieged by litigants contesting hair length regulations.[7]

In our view, the instant cause does not present the hair length issue in a form traditionally considered ripe for adjudication. The present controversy does not concern suspension from school, or expulsion from extracurricular activities, but rather, in essence, whether a graduating senior and his classmates may in years to come enjoy the nostalgic remembrances of "those carefree days of youth" through the media of a school yearbook containing accurate pictorial portrayals of the students as they then appeared.

Accordingly, pursuant to the established practice of this court, we do not reach, nor do we decide, the constitutional issues arguably presented herein, as resolution of those issues upon the record before us, and in the specific factual context of this cause, is not essential to the disposition we reach. See *Kent* v. *Kelley* (1975), 44 Ohio St. 2d 43; *Bedford Hts.* v. *Tallarico* (1971), 25 Ohio St. 2d 211; *State* v. *Western Union Telegraph Co.* (1951), 154 Ohio St. 511; *State, ex rel. Lieux,* v. *Westlake* (1951), 154 Ohio St. 412.

With respect to appellants' contention that the grooming guidelines herein involved are reasonably related to a valid educational purpose and, therefore, should be sustained, we reach the same conclusion as indicated above with regard to the alleged constitutional issues presented herein, albeit for different reasons.

Appellants contend that R. C. 3313.20 and 3313.47 pro-

---

of *Educ. of Wheeler Co., Ga.* (C. A. 5, 1970), 426 F. 2d 1154, certiorari denied, 400 U. S. 957; *Ferrell* v. *Dallas Indep. School Dist.* (C. A. 5, 1968) 392 F. 2d 697, certiorari denied, 393 U. S. 856.

[7]See, *e g., Akridge* v. *Barres* (1974), 65 N. J. 266, 321 A. 2d 230 (upholding police regulation); *Brookes* v. *Tri-Co. Met. Transp. Dist.* (1974), 18 Ore. App. 614, 526 P. 2d 590 (upholding municipal corporation employee regulation); *Kraus* v. *Board of Educ.* (Mo. 1973), 492 S. W. 2d 783 (upholding school regulation); *Pendley* v. *Mingus U. H. S. Dist. No. 4 of Yavapai Co.* (1972), 109 Ariz. 18, 504 P. 2d 919 (upholding school regulation); *Blaine* v. *Board of Educ.* (1972), 210 Kan. 560, 502 P. 2d 693 (upholding school regulations).

vide the statutory authority for the promulgation of the grooming guidelines at issue herein.

R. C. 3313.20 provides, in pertinent part:

"The board of education shall make such rules and regulations as are necessary for its government and the government of its employees, pupils of its schools, and all other persons entering upon its school grounds or premises. * * *"

R. C. 3313.47 provides, in pertinent part:

"Each city, exempted village, or local board of education shall have the management and control of all of the public schools of whatever name or character in its respective district. * * *"

Conceding, *arguendo*, that R. C. 3313.20 provides statutory authority to a board of education to enact and enforce "such rules and regulations as are necessary for * * * the government of its * * * pupils," the threshold question presented herein is what relationship, if any, the Washington Senior High School grooming guidelines have to the publication of a school yearbook *after* the close of the school year.

It may well be that the Washington Senior High School grooming guidelines are necessary to promote discipline, to maintain order, to secure the safety of the pupils, and to provide a healthy environment conducive to academic purposes. Certainly the governing school authorities in this state should be accorded wide latitude in the day-to-day administration of our academic institutions. However, the record in the instant cause does not demonstrate that such arguably valid educational purposes will be served by application of the Washington Senior High School grooming guidelines to yearbook pictures. The Washington Senior High School yearbook, as the trial testimony revealed, is normally distributed *after* graduation. Any effect the grooming guidelines have upon the educational process at Washington Senior High School will have occurred during the school year, and extending application of these guidelines beyond the end of the school year is unnecessary for the government of the pupils. Additionally, the grooming

guidelines themselves fail to specify what action will be taken by the school officials against students found to be in violation thereof.

Moreover, the record in this cause reveals that the grooming guidelines were not applied uniformly in prior years with respect to yearbook pictures.* Many pictures appearing in the 1973 and 1974 school yearbooks visibly violated the grooming guidelines. Regardless of whether these guidelines are reasonably necessary to effectuate a valid educational purpose, uniformity of application is required, and is not apparent upon the record in this cause.

For the foregoing reasons, the judgment of the Court of Appeals is affirmed. Appellants are hereby ordered to include appellee's picture in the 1975 school yearbook, or be enjoined from publishing and/or distributing same.

*Judgment affirmed.*


O'NEILL, C. J., CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

HERBERT and P. BROWN, JJ., would remand the cause to the Court of Appeals under Section 6, Rule III, Rules of Practice of the Supreme Court.

---

*The record in this cause does not contain pictures, other than appellee's, submitted for publication in the 1975 school yearbook. Accordingly, this court is unable to determine whether the grooming guidelines were applied uniformly in the 1974-1975 school year with respect to inclusion of pictures in the 1975 school yearbook.