IN RE APPEAL OF COX ET AL.

[Cite as In re Cox (1979), 60 Ohio App. 2d 368.]

(No. 6051—Decided February 21, 1979.)

Mr. *William J. Brown,* attorney general, and Mr. *Joseph Scuro,* for appellant, the state of Ohio.

Mr. *Dwight D. Brannon,* for appellees, Larry M. Cox and Darrell J. Eiford.

MCBRIDE, J. The two appellees were suspended and then discharged from the State Highway Patrol. Such action was affirmed by the Personnel Board of Review, one member dissenting. On further appeal to the Court of Common Pleas, the two cases having been consolidated, the action of the Personnel Board was reversed. The posture here is that of an appeal by the Attorney General on behalf of the appellant, the State Highway Patrol.

The records consist of two transcripts of docket entries, two transcripts of evidence, one taken by the hearing examiner and one taken in the Court of Common Pleas, plus photographs and other exhibits in the consolidated cases.

The four errors assigned by the appellant are related to typical appeals from administrative agencies; however, they do not approach the issue upon which the suspensions and discharges were made and the legal action taken.

As is apparent throughout the records and as stated by appellant in its briefs, the dispute originates in the appellees' failure to obey orders from supervisory officers to conform to

grooming standards and regulations of the State Highway Patrol.

The regulation in question states as follows:

"A member shall maintain a neat, clean-shaven, well groomed appearance as prescribed by the Superintendent."

This regulation appears as an exhibit submitted to the Personnel Board of Review. There is no evidence of any other regulations of the Superintendent of the State Highway Patrol on the subject.

No matter how one construes or interprets the regulation it is not a regulation governing hair beyond the express reference to a "clean shaven appearance." "Well groomed appearance" has a much wider implication of general appearance then it did generations ago. Good grooming is a relative matter of opinion; it is neither definite nor precise and does not specifically cover any one of the areas involved in hair codes for police officers.

Until recently, courts floundered in the unchartered sea of conflicting opinions arising from codes on how, when and where to cut or part one's hair; however, the Supreme Court of the United States has agreed with Justice Black that such problems have no substantial constitutional base and that the states are more capable of deciding the length of the hair of school boys. *Karr* vs. *Schmidt* (1971), 401 U. S. 1201. This court has taken the same approach, requiring a clear showing and an abuse of discretion before a justiciable issue arises. *Royer* v. *Bd. of Education* (1977), 51 Ohio App. 2d 17. Even so, when hair grooming codes are sought to be enforced they must be expressed, *applied uniformly* and appropriate to the purpose at hand and not to a school year book issued after graduation. *McClung* v. *Bd. of Edn.* (1976), 46 Ohio St. 2d 149.

Turning from the problem of school boys, the Supreme Court of the United States has affirmed hair grooming codes for police officers as rational and appropriate and as sufficient to defeat a public police officer's claim of individual liberty under the constitution. *Kelley* v. *Johnson* (1976), 425 U. S. 238. The regulations in the *Kelley* case were precise on the subject of hair, sideburns, mustaches, beards and goatees as well as wigs. A copy of the rule appears at footnote one of the opinion.

A review of the cases indicates that the courts have usually been presented with unmistakable hair regulations. The contrary is true here. There is no comprehensive hair regulation on the subject. Other than a general reference to a "well groomed appearance," there is no uniform hair regulation to be enforced. This becomes apparent in the handwritten notes introduced before the Personnel Board to the effect that Officer Eiford's hair "was not meeting our *Divisional* Standards because his hair was not 'tapered in back' and his sideburns were below the center of his ear." Thus, we have what are termed *divisional* standards as distinguished from uniform state regulations, and we find that no regulation and no details for a regulation were shown to have been adopted by the appropriate authority. The record also suggests that the divisional standards were not uniformly applied. A lack of uniformity follows naturally from the failure to adopt or at least introduce evidence of a state regulation that may be uniformly applied. This feature of the case was fully reviewed by the trial judge in a thirteen page opinion and entry.

The order to the officers in this case did not involve the performance of any public duty or public assignment. There is no evidence to support a violation of the regulation. As indicated by the dissenting member of the Personnel Board, there is no suggestion of any discredit upon the patrol from the appearance of the officers. There is no evidence that either officer was not neat or well groomed. Rather, the order related to claimed standards as to hair tapered in the back and sideburns to the middle of the ear. As indicated earlier, judicially we have no right to question hair standards in appropriate situations, and law enforcement officers are in just such an appropriate situation; however, when standards have not been adopted in the manner provided by law or have not been established in the record, they do not exist.

To the extent that the appellant sought to enforce a nonexistent regulation, the language of the assignments of error and the extended language of the briefs fall into place. The question is not one of reliable and probative evidence, but of a failure of appellant to offer evidence of a lawful hair regulation adopted by the Superintendent.

There is no merit to the first assignment of error.

The procedural and constitutional questions are not in a

posture for a decision in this case; nor are the standards for the Highway Patrol or the discretion of the Superintendent because of the failure to establish the existence of a hair code. The remaining assignments are not well taken.

*Judgment affirmed.*

SHERER, P. J., and KERNS, J., concur.