VAN HO, APPELLANT, *v.* VAN HO, APPELLEE.

(No. 13-82-40—Decided June 7, 1984.)

*Thomas M. Zollar,* for appellant Earl W. Van Ho.

*Michael P. Kelbley,* for appellee Betty L. Van Ho.

MILLER, P.J. This is an appeal from a judgment of the Court of Common Pleas of Seneca County.

Plaintiff and defendant were divorced on September 15, 1981, the trial court ordering property distributed, plaintiff to pay all debts of the marriage incurred up to and including August 31, 1981 and defendant to receive the sum of $300 per month as alimony and $100 toward a grave marker.

The alimony payments were made by way of deduction from plaintiff's salary and direct payment to defendant.

Plaintiff subsequently resigned his position as Seneca County Engineer and moved to Florida, thereafter making alimony payments by personal check directly to the defendant.

Plaintiff later became entitled to back salary from Seneca County in the amount of $1,490.12.

Defendant filed her motion for contempt supported by her affidavit asserting that plaintiff had failed to pay the marital bills and alimony arrearages, to maintain current alimony payments, to reimburse defendant for marital debts paid by her, and to transfer a boat as previously ordered, and alleging:

"* * * that she has good reason to believe that in the event the County Auditor pays to Plaintiff, those monies now held by the County Auditor representing back pay due and owing to the Plaintiff from his employment as Seneca County Engineer, that plaintiff will not satisfy his debts to Defendant as hereinabove described."

Defendant also filed therewith a motion for a restraining order, restraining the Seneca County Auditor from paying over to plaintiff any monies presently due and owing to plaintiff until such time as a hearing could be held on the contempt motion, or, in the event a check had been issued to plaintiff, that the court order payment on the check stopped until such a time as a hearing could be had.

The trial court assigned the motion for contempt for hearing and ordered the Seneca County Auditor restrained from making payment to plaintiff of any monies held, or, if a check had been issued, ordered the County Auditor to stop payment thereon.

Copies of the motion for contempt, affidavit in support of motion for contempt, journal entry of judgment, motion for restraining order and journal

entry of judgment thereon were served on plaintiff by certified mail, return receipt requested, at both his place of employment and at his post office address. Receipts of delivery are contained in the record.

Plaintiff filed his motion to vacate the restraining order and motion for more definite statement as to grounds for defendant's motion for contempt. The trial court sustained the motion for more definite statement and defendant's counsel filed an "answer to the motion" stating that copies of the marital bills were attached and that there was due and owing $749 in support arrearages.

The trial court later found plaintiff in contempt, at the same time, terminating the restraining order; but, subsequently on the same date, the trial court set aside its former order and directed the Seneca County Auditor to reinstate the stop-payment order on the check and gave opposing counsel fourteen days to submit briefs on the applicable points of law.

On the same date, defendant filed her motion for lump sum judgment against plaintiff in the amount of $1,832.16 reflecting $1,349 for alimony and $483.16 for marital bills, the motion being supported by affidavit and notice thereof being served on plaintiff by certified mail.

The briefs were filed as ordered and the trial court entered its judgment which, as pertinent, provided:

"It is, therefore, ORDERED, ADJUDGED and DECREED that the jurisdiction of this Court was continuing in this matter; that there were no Constitutional violations of the rights of plaintiff herein, and this Court overrules plaintiff's motion to vacate [the restraining order] and hereby grants judgment for defendant on her motion for lump sum judgment in the sum of $1,832.16."

Plaintiff appeals from the trial court's judgment as it pertains to the restraining order, but not to the award of the lump sum judgment and sets forth three assignments of error.

The first assignment of error is that the court below erred in issuing an order in attachment of a check payable to appellant where the pleadings were not in conformity with the requirements of R.C. Chapter 2715 (attachment).

We do not find the action taken herein to be an attachment under R.C. Chapter 2715.

R.C. 2715.05 provides:

"(A) An order of attachment issued by the court shall be addressed and delivered to the levying officer, and shall require him, after the order has taken effect, to attach the lands, tenements, goods, chattels, stocks or interest in stocks, rights, credits, money, and effects of the defendant, in such officer's county, not exempt by law from being applied to the payment of plaintiff's claim, or so much thereof as will satisfy it, to be stated in the order as in the affidavit, and costs of the action, not exceeding fifty dollars. An order of attachment may be directed to the levying officer of any county within this state.

"(B) An order of attachment shall contain the names of the parties and the court in which the action was brought and a statement that the property subject to the order of attachment can be retained or recovered by filing a bond pursuant to section 2715.10 or 2715.26 of the Revised Code.

"(C) An order of attachment, other than one issued under section 2715.045 of the Revised Code, shall be served upon the defendant against whom the order was issued in the same manner as provided in the Rules of Civil Procedure for the service of papers subsequent to original complaints."

Disregarding noncompliance with the matters preliminary to an order of attachment, i.e., inaccuracy of the affidavit, lack of bond, and failure to specifically identify the amount de-

manded, as argued by plaintiff, no order was issued by the court addressed and delivered to the levying officer requiring him to attach the check.

Rather the judgment of the trial court was that "the Seneca County Auditor be restrained from making any payment to plaintiff or, if a check had been issued, to stop payment on the check."

The order was not in the form of an attachment and the first assignment of error is overruled.

The second assignment of error is that Civ. R. 75(H)(2) does not constitute authority for post-decree restraining orders, such rule being intended solely for actions *pendente lite,* and that such rule is not an alternative to R.C. Chapter 2715.

Civ. R. 75(H)(2) provides in pertinent part:

"When it is made to appear to the court by affidavit of a party sworn to absolutely (a) that a party is about to dispose of or encumber property, or any part thereof, so as to defeat the other party in obtaining alimony or support, * * * the court may allow a temporary restraining order, with or without bond, to prevent such action. * * *"

Civ. R. 75(B)(1) provides in part that:

"A person or corporation having possession of, control of or claiming an interest in property whether real, personal or mixed, out of which another seeks alimony or support, may be made a party defendant; * * *"

Here the restraining order was issued to the Seneca County Auditor who was never made a party to the action and who did not fall within the purview of Civ. R. 75(H).

If the restraining order was issued pursuant to Civ. R. 75(H), then the order was erroneously issued. However, the record does not affirmatively show that it was issued pursuant to that rule and the second assignment of error is not, therefore, well-taken.

The third assignment of error is that, based upon the exhibits and briefs of counsel, it was error for the court below to overrule appellant's motion to vacate the *ex parte* order of attachment, erroneously styled as a restraining order.

We determined under our discussion of the first assignment of error above that the trial court's order did not constitute an order of attachment, but was actually a temporary restraining order.

While a domestic relations court is clothed with "full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters, * * *" (R.C. 3105.011), Civ. R. 65(A) provides in part:

"A temporary restraining order may be granted without written or oral notice to the adverse party or his attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons supporting his claim that notice should not be required. * * *"

We conclude that it is implicit that Civ. R. 65(A) contemplates restraining orders only as to adverse parties and does not extend the general equitable powers of domestic relations courts to provide for issuance of restraining orders to persons not parties to the action such as the county auditor herein.

Since the restraining order was erroneously issued to the Seneca County Auditor, plaintiff was entitled to have the same vacated and, to that extent, the third assignment of error is well-taken.

The judgment of the trial court must

be reversed and vacated and this cause remanded with instruction to grant plaintiff's motion and vacate the restraining order.

*Judgment accordingly.*

GUERNSEY and COLE, JJ., concur.