KASS, Appellant,

v.

CLEVELAND METROPOLITAN GENERAL HOSPITAL et al., Appellees.

[Cite as *Kass v. Cleveland Metro. Gen. Hosp.* (1989), 65 Ohio App.3d 264.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56023.

Decided Nov. 13, 1989.

*Thomas L. Brunn,* for appellant.

*Ted F. Zawadski,* for appellees.

PATTON, Presiding Judge.

In 1978, plaintiff Lawrence Kass, M.D., was divorced in the state of Michigan. He was ordered to pay $250 per week for the support of his wife, Sheila Kass, and their two children. On December 11, 1978, Sheila Kass purportedly signed a note acknowledging receipt of $50,000 in full settlement of all past and future support obligations.

On February 3, 1988, Kass's employer, Cleveland Metropolitan General Hospital ("hospital"), received notice from the enforcement division of the

Michigan court that it was to deduct $241.50 per week from Kass's pay.[1] When the hospital complied with that order, Kass filed a petition to adopt the Michigan divorce decree pursuant to Loc.R. 31 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division. The petition sought adoption of the Michigan decree so that the domestic relations court could hear evidence concerning Kass's defense of accord and satisfaction of the support order. In addition, Kass asked for a temporary restraining order and permanent injunction to prohibit the hospital from withholding any part of his pay pursuant to the Michigan order.

These matters were referred to a referee who concluded that the court lacked jurisdiction to adopt the Michigan decree since that state had not relinquished jurisdiction over the matter. In support of this conclusion, the referee noted that it had received a letter from the enforcement division of the Michigan court pointing out that court's statutory duty to retain jurisdiction. Absent jurisdiction, the referee concluded the domestic relations court could not modify the hospital's statutory duty to comply with wage withholding orders of foreign states pursuant to R.C. 3113.214. Accordingly, the referee dismissed the motion for a temporary restraining order and permanent injunction. The domestic relations court adopted those findings over Kass's objections that R.C. 3113.214 was unconstitutional in that it fails to afford the payor spouse notice of wage withholding.

Kass raises four assigned errors to this court, the substance of which challenge (1) the domestic relations court's finding that it lacked jurisdiction, and (2) the constitutionality of R.C. 3113.214.

I

Kass's arguments in support of jurisdiction are twofold. First, he argues that the court could enter a temporary restraining order as the motion pertained solely to the hospital and its duty to withhold wages pursuant to Ohio law. Second, he argues that Loc.R. 31 is the only provision that gives him an avenue for seeking relief.

A

■ Strictly speaking, the domestic relations court has jurisdiction to enter a temporary restraining order pursuant to Civ.R. 65(A). R.C. 3105.011 con-

---

1. The record shows that the hospital received notice on August 27, 1985 that it was to deduct $300.50 per week for current support and arrearages. The February 3, 1988 notice was a modification of the $300.50 sum. It is not clear from the record whether the hospital deducted the $300.50 as ordered. Nor is it clear why the amounts exceeded the decreed $250 weekly sum.

fers on the courts of domestic relations full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. Since this matter arises from an application of R.C. 3113.214 and compliance with support ordered by another state, it is a domestic relations matter arising from Ohio law.

The lower court did not consider whether the temporary restraining order should have been granted since it believed it lacked jurisdiction to grant such a motion. Since consideration of a Civ.R. 65(A) motion is committed to the sound discretion of the trial court, *Beasley v. East Cleveland* (1984), 20 Ohio App.3d 370, 20 OBR 475, 486 N.E.2d 859; *Mike Lapine Co. v. Cleveland Business Show, Inc.* (Mar. 27, 1986), Cuyahoga App. No. 50028, unreported, 1986 WL 3700, we decline to speculate as to how the court might exercise its discretion.[2]

### B

■ We agree that Loc.R. 31 is not the proper vehicle for modifying the Michigan support order. Loc.R. 31(B) provides:

*"Modification.* A petition to adopt a foreign decree may be filed for purposes of modifying the provisions of the decree pertaining to support *only if the decree rendering state has relinquished jurisdiction* and the responding party is an Ohio resident. Proof that the decree rendering state has relinquished jurisdiction shall accompany any motion to modify." (Emphasis added.)

It is clear from this record that the Michigan court has not relinquished jurisdiction. In a letter from the enforcement division of the Michigan court, it is noted that Michigan courts may not relinquish jurisdiction, pursuant to statute.[3]

---

**2.** We call attention to *Van Ho v. Van Ho* (1984), 17 Ohio App.3d 108, 17 OBR 170, 477 N.E.2d 659, in which the court held that a court of domestic relations may not issue a post-decree temporary restraining order restraining a person who has not been made a party to the action. In *Van Ho,* the payee spouse sought to restrain the payor spouse's employer from making payment on back wages. The court held that the payor spouse's employer was not a party to the action, and therefore invalidated a temporary restraining order issued to the employer.

**3.** Mich.Comp.Laws 780.171 and 780.182(2) provide:

"Sec. 21. A support order made by a court of this state pursuant to this act does not nullify and is not nullified by a support order made by a court of any other state pursuant to a substantially similar act or any other law, regardless of priority of issuance, unless otherwise specifically provided by the court. Amounts paid for a particular period pursuant to any support order made by the court of another state shall be credited against the amounts accruing or accrued for the same period under any support order made by the court of this state."

Kass seeks to litigate this matter in the more convenient Ohio courts. We perceive no substantive reasons, convenience aside, why those issues are not appropriately decided in Michigan. The support order originated in that state and its courts possess the necessary expertise in dealing with Kass's claim of accord and satisfaction.

In conclusion, we believe the court properly denied the petition to adopt the foreign judgment pursuant to Loc.R. 31. The court did possess jurisdiction to rule on the motion for a temporary restraining order. We remand to the trial court so that it may consider the motion for a temporary restraining order in accordance with Civ.R. 65. Accordingly, we sustain the third assigned error and overrule the fourth assigned error.

## II

Kass also argues that R.C. 3113.214 [4] is unconstitutionally violative of his right to due process of the law for the reason that it fails to afford the payor spouse with notice of wage withholding orders issued by other states.

The domestic relations court did not address the constitutionality of R.C. 3113.214 because it concluded that it lacked jurisdiction to do so. Moreover, Kass's arguments in support of his contention were not considered by the referee since Kass's brief was not timely filed. We adhere to the principle of appellate review that constitutional questions will not be decided until the necessity for their decision arises. See *State, ex rel. Lieux, v. Westlake* (1951), 154 Ohio St. 412, 43 O.O. 343, 96 N.E.2d 414, paragraph one of the syllabus; *McClung v. Bd. of Edn.* (1976), 46 Ohio St.2d 149, 154, 75 O.O.2d 197, 199, 346 N.E.2d 691, 694. Since the constitutionality of R.C. 3113.214 is

---

"780.182. *Custody or visitation not to be adjudicated*
" * * *
"(2) Nothing in this act shall prevent a court which has prior continuing jurisdiction over the parties in matters of support, custody, and visitation from exercising its jurisdiction over those matters."

**4.** R.C. 3113.214(A) provides in part:
"If an employer in this state is served with an order issued by a court of another state, an official document issued by an administrative agency of another state, or any other form of written and verified document issued by an administrative agency of another state that requires the withholding of a specified amount from a person's personal earnings for purposes of support in satisfaction of a support order, and if the person is employed by the employer, the employer shall accept the withholding order issued by the court, or the document issued by the agency, of the other state and shall withhold personal earnings from the person in accordance with the order or document. * * * "

not necessary to our disposition of this case in its present posture, we overrule the first and second assigned errors.

*Judgment affirmed in part,*
*reversed in part,*
*and cause remanded.*

KRUPANSKY and PARRINO, JJ., concur.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.