**BIGLOW, Plaintiff, v. BIGLOW, Defendant.**

Court of Common Pleas, Lucas County.

No. 83307.   Decided April 30, 1945

Joel S. Rhinefort, Toledo, for plaintiff.
J. W. Starritt, Toledo, for defendant.

## OPINION

By ALEXANDER, J.

On motion of plaintiff to strike out and expunge journal entry.

Spread upon the journal of this court under date of August 4, 1921 is an entry adjudging that plaintiff be divorced from defendant. The judgment is proper in form, and, for anything which appears upon the face of the entry, constitutes a valid judgment. The record shows that everything from the filing of the petition and the answer and cross-petition to the final decree is proper in form. Examination of the original papers, however, discloses that the journal entry in question, while bearing the names of plaintiff's attorneys typed on the back of the manuscript cover, was filed without the signed approval of opposing counsel or the judge, notwithstanding the fact that Rule 17C of the Lucas County court required all journal entries in contested cases to have approval endorsed thereon by counsel of record or by the judge making the docket entry.

On March 8, 1945, plaintiff moved to strike out and expunge from the record said journal entry. The motion is submitted upon briefs. It is not disputed that the court had jurisdiction over the parties and the subject matter. Plaintiff claims the judgment is void because filed in violation of said Rule 17C. Defendant claims the relief sought by plaintiff is barred by the Statute of Limitations. Plaintiff replies

that the judgment is absolutely void and therefore the Statute of Limitations is not applicable.

Quaere: Is the judgment void or voilable?

A century ago, the Supreme Court of Ohio, in **Paine v. Mooreland, 15 Ohio, at page 445,** pointed out that:

"A court, then, may act: 1. Without power or jurisdiction. 2. Having power or jurisdiction, may exercise it wrongfully; or, 3. Irregularly. In the first instance, the act or judgment of the court is wholly void, and is as though it had not been done; the second is wrong, and must be reversed upon error; the third is irregular, and must be corrected by motion. The latter is where the power is rightfully exercised, but in an irregular way."

"The law attaches to a judgment of a court of record of general juridsdiction, regular on its face, a presumption of validity, particularly in regard to a judgment rendered a long time before its validity is challenged." (23 **O. Jur. 1362.**)

Supporting her contention that the judgment is void, plaintiff cites two cases, both arising from violation* of said Lucas County Court Rule 17C: **Lemieux v Krountz, 107 Oh St. 84** and **Dusha v Binz, 23 Oh. Ap. 285.** In neither of these cases did the court determine specifically whether the judgment was void or voidable; both found the judgment irregular. In the **Lemieux** case, the Supreme Court quotes the trial court:

"* * * that there was irregularity in the taking and entering of said judgment as alleged is said motion, and that said motion should be and the same is hereby granted,"
and goes on to say: "Our examination of the record abundantly sustains the finding of irregularity." In the **Dusha** case, the Court said:

"As there was no approval by counsel, and no approval by the judge who made the docket entry and allowed the attorney fees, it was within the duty of the court to set aside the judgment upon a motion filed after term, upon the ground that there was irregularity in obtaining the judgment within the meaning of the provisions of **sub 3 of §11631, GC.**"

Although requested to do so, counsel have not supplied us with any authorities holding absolutely void a judgment obtained as this one was.

In 31 Am. Jur., at page 66, we read:

"Indeed, it is a general principle that where a court has jurisdiction over the person and the subject-matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith. This is true even if there is a fundamental error of law appearing upon the face of the record. Such a judgment is, under proper circumstances, voidable, but until voided is regarded as valid."

and on page 67:

"A judgment is irregular where its rendition is contrary to the course and practice of the courts—that is, where proper rules of practice have not been followed or where some necessary act has been omitted or has been done in an improper manner."

The only attack upon the judgment in the instant case is on the ground it was obtained in violation of a rule of adjective law, and not in violation of any fundamental rule of substantive law. The former class of judgments appear generally to have been deemed merely voidable.

At any rate, from the dictum laid down by the Ohio Supreme Court a hundred years ago, and from the language used by the Supreme and Appellate courts in the **Lemieux** and **Dusha** cases, and from the general doctrines above quoted, we cannot escape the conclusion that the judgment in the instant case is not void but is voidable and falls within the category described in **Par 3 of §11631, G. C.** which empowers the common pleas court to vacate its own judgment after term "for mistake, neglect or omissions of the clerk, or **irregularity** in obtaining a judgment or order." (Italics supplied.) This being so, the three years' Statute of Limitations provided by §11640 GC, would apply and it would appear that plaintiff was about twenty years late in seeking to have the entry expunged—which, in our view, would be merely another way of vacating the judgment.

Another factor which to us seems compelling, although not raised by defendant, is the estoppel of plaintiff. It will be observed that plaintiff is seeking to set aside a judgment obtained **by** her, rather than one obtained **against** her. (It should not be necessary to labor the point that the filing of the journal entry by plaintiff's attorneys of record was the act of plaintiff.) In 31 Am. Jur., page 180, we read:

"* * * the doctrine that a party may be precluded from asserting the invalidity of a judgment is peculiarly applicable where the attack upon the judgment is made in a collateral proceeding. * * * This rule has been applied where the party seeking to attack the judgment had secured the rendition thereof. * * *"

(Citing **Julier v Julier, 62 Oh St 90**, in which case other factors of estoppel were also present.)

In their briefs, counsel are in disagreement as to whether plaintiff had knowledge of the filing of the journal entry at or reasonably soon after the fact. It seems to us that in any event, the doctrine of estoppel should apply.

For these reasons, the motion is overruled and journal entry may be prepared accordingly, allowing exceptions to plaintiff.