MORGAN, APPELLANT, *v.*
MORGAN, APPELLEE.

(No. CA83-10-024—Decided April 9, 1984.)

Mr. Omar A. Schwart, for appellant.
Mr. John C. Bryan, for appellee.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Fayette County, Ohio.

The parties were divorced September 29, 1976. The decree ordered defendant, Virgil Morgan, to convey his undivided one-half interest in the marital residence to plaintiff, Annabelle Morgan, but plaintiff was ordered not to sell the premises until the youngest child of the parties attained the age of eighteen years. The decree also provided that plaintiff have custody of the youngest child and that plaintiff be awarded child support.

On December 1, 1976, plaintiff filed a motion demanding increased child support. In response thereto, the trial court on January 21, 1977, approved an entry which purported to set forth the agreement of the parties. The entry provided that defendant was to make the house payments which were in arrears or then due and owing and that he was to continue to make the house payments until the mortgage was paid in full. The agreement also provided that plaintiff was to continue to occupy the former marital residence so long as she desired and that if she ceased to occupy and live in the premises, she was to immediately convey an undivided one-half interest in the real estate to defendant free and clear of any liens and encumbrances. The agreement further provided that if plaintiff was still residing in the premises at the time defendant paid the existing mortgage in full, plaintiff was to convey to defendant an undivided one-half interest in the premises upon the filing of the cancellation of the mortgage.

On August 11, 1982, defendant filed his motion for an order of court requiring plaintiff to convey an undivided one-half interest in the former marital residence to defendant. He alleged in his motion that plaintiff had ceased to occupy and live in the premises and that as a result of the 1977 agreement he was entitled to the relief which he requested. The trial court, at a hearing at which no record was made, determined that it would be in the best interest of the parties to sell the real estate and ordered the same sold. Plaintiff, pursuant to Civ. R. 60(B)(1), filed a motion in the trial court for relief from judgment "upon the grounds of mistake, lack of jurisdiction, and that as a matter of law said judgment was improper." The trial court overruled the motion and this appeal is from the decision overruling that motion.

Plaintiff in her assignment of error contends that "[t]he trial court ruling constitutes mistake of law and is against the manifest weight of the evidence." Plaintiff, in her brief, challenges the jurisdiction of the trial court to modify the alimony award in a decree of divorce. However, from the record before us, we are unable to determine that plaintiff was awarded alimony. We have no transcript of the proceedings before the trial court at the time the divorce was granted, nor have we any transcript of any proceedings subsequent to that time, except the transcript of the proceedings on the plaintiff's motion for relief after judgment, in which she sought to set aside the order of sale of the real estate. Therefore, the only information available as to whether plaintiff received alimony is the decree of divorce, but the order in the decree for defendant to convey his one-half interest in the marital residence to plaintiff appears to us to be nothing more than a division of property. There is no mention of alimony.

Furthermore, the award of monthly payments to plaintiff at the time of the divorce appears to be for child support. In fact, plaintiff's motion in December 1976 refers to the monthly payments as support payments. Thus, when the consent entry was approved by the trial court, it was in response to a motion for support, which was clearly within the continuing jurisdiction of the trial court as that court had jurisdiction over both the parties and the subject matter of the motion. Thus, if there was any basis upon which plaintiff could later contend that the trial court was in error in approving the consent entry of January 21, 1977, the challenge would have had to be on the basis that the action of the trial court was voidable, not void. It follows that plaintiff would have had to seek relief under Civ. R. 60(B)(1), in which case she would have had to challenge the decision of the trial court within one year. Having failed to do so, she is now bound by the order which provides that if she fails to personally occupy and live in the marital residence she shall immediately convey a one-half interest therein to defendant.

Under these circumstances, when defendant filed his motion for an order that plaintiff convey an undivided one-half interest in the marital residence to defendant for failure to continue to occupy the premises, the trial court had jurisdiction of the parties and of the subject matter, but plaintiff contends that there is no authority for the trial court to order the sale of the real estate. We agree.

A review of the pleadings fails to disclose any demand on the part of defendant for the sale of the real estate. Furthermore, there is nothing in the proceedings to show that the sale is pursuant to any statutory authority, nor are we aware of the existence of any such authority. The trial judge justifies the order of sale on the basis that the trial court has equity powers in the determination of alimony and division of

138

property, thus property rights may be adjusted between spouses. The trial judge cites *Griste* v. *Griste* (1960), 171 Ohio St. 160 [12 O.O.2d 176], as authority for this proposition. Although it is beyond question that the trial court has such equity powers, the existence of such powers does not confer upon that court the authority to order a sale which is neither authorized by statute, nor demanded by the adverse party. Therefore, although the evidence before the trial court supports the conclusion of the trial judge that it would be in plaintiff's best interest to order the real estate sold, the order of sale must be set aside and the parties must be restored to their respective positions as they existed prior thereto.

Since there is nothing in the record to establish that the trial judge ruled on defendant's motion, this cause is remanded to the trial court for the purpose of conducting such further proceedings as are necessary in order to determine what action, if any, should be taken upon defendant's motion.

It is the order of this court that the judgment appealed from be, and the same hereby is, reversed and this cause is remanded for further proceedings according to law and not inconsistent with this decision.

*Judgment reversed and cause remanded.*

HENDRICKSON, P.J., KOEHLER and JONES, JJ., concur.