**GIBSON, Appellee,**

v.

**GIBSON, Appellant.**

[Cite as *Gibson v. Gibson* (1993), 87 Ohio App.3d 426.]

Court of Appeals of Ohio,
Scioto County.

No. 92CA2100.

Decided April 30, 1993.

428

*Kimble, Stevens, Young, Clark & Rodeheffer* and *Stephen C. Rodeheffer,* for appellee.

*David M. Huddleston,* for appellant.

HARSHA, Presiding Judge.

James Gibson appeals from a judgment entered by the Scioto County Court of Common Pleas granting a divorce to Priscilla Gibson and apportioning the property of the parties.

Appellant assigns the following errors:

"I. The trial court erred in granting appellee's motion *in limine*, thereby preventing appellant from furnishing evidence to establish the extent of the parties' marital property.

"II. The trial court erred in granting appellee's motion *in limine*, thereby preventing appellant from establishing whether it would be equitable to award appellant more than one half of the marital property.

"III. The trial court erred in not dealing with the issue of damage to appellant's vehicle in the division of property.

"IV. The trial court erred in finding that certain items of property were marital assets when there was no testimony on the assets except testimony stating that the assets were the individual property of appellant.

"V. The trial court erred in treating assets acquired after the parties' separation and the issuance of the restraining order as marital assets.

"VI. The trial court erred in its computation of the value of appellant's interest in the Sciotoville property prior to the parties' remarriage.

"VII. The trial court erred by ordering appellant to be solely responsible for the mortgage entered into by the parties after their marriage.

"VIII. The trial court erred by approving appellee's proposed entry prior to the time allowed by Local Rule XI(b).

"IX. The trial court erred by approving appellee's proposed entry without considering appellant's motion for clarification/reconsideration."

The parties were originally married in 1979, but ten years later on May 22, 1989, their marriage was dissolved by a Kentucky court. Shortly thereafter, on August 8, 1989, hope triumphed over experience and the parties remarried. However, as fate would have it, appellee filed a complaint for divorce on August 29, 1990. The trial court immediately granted an order restraining appellant from encumbering and disposing of the parties' property and from harassing appellee. Subsequently, on appellant's motion, the trial court ordered that the parties exchange motor vehicles in their possession and that they refrain from encumbering, disposing of, or causing any loss of value to the vehicles. After the parties exchanged vehicles, appellant filed a motion for appellee to show cause why she should not be found in contempt because of damage done to appellant's pickup truck. A court-appointed referee held a hearing on the motion and recommended that appellee not be found in contempt but that appellant be granted an $1,800 "judgment" against appellee. The trial court subsequently adopted the referee's recommendations.

Prior to trial, appellee filed a motion *in limine* to limit the parties' evidence to assets and debts acquired by the parties after their second marriage. After

considering the parties' memoranda, the trial court granted appellee's motion *in limine*. The parties also filed a joint pretrial statement describing the parties' positions concerning the characterization and valuation of their assets and debts. Following trial, the trial court issued a decision on September 11, 1992 which granted a divorce to appellee and divided the parties' property. The decision ordered appellee's counsel to "prepare an appropriate judgment entry and submit it to the Court within ten (10) days." On September 18, 1992, appellee's counsel mailed a proposed judgment entry to appellant's counsel. It was not received by appellant's counsel until September 21, 1992. On the same date, appellant filed a motion for clarification or reconsideration of the trial court's decision.

On September 23, 1992, the trial court filed the judgment entry prepared by appellee's counsel. The judgment entry noted that it was submitted to appellant's counsel on September 18, 1992 "but not signed." On September 25, 1992, appellant filed a motion to: (1) vacate the judgment entry; (2) for separate findings of fact and conclusions of law; and (3) for an oral hearing on appellee's proposed judgment entry. Appellee did not file anything in opposition to the motion, and the trial court failed to rule on it.

Appellant's first and second assignments of error assert that the trial court erred in granting appellee's motion *in limine*. Appellant contends that the trial court's *in limine* ruling erroneously precluded him from introducing evidence pursuant to R.C. 3105.171(A)(2)(b) and (C)(1) to establish that: (1) utilization of the date of the parties' remarriage to determine what items were marital property would be inequitable; and (2) an equal division of the parties' marital assets would be inequitable.[1]

An *in limine* order is only a preliminary ruling on admissibility. At trial, it is incumbent upon a party, who has been temporarily restricted from introducing evidence by virtue of a motion *in limine*, to seek the introduction of the evidence by proffer or otherwise in order to enable the court to make a final determination as to its admissibility and to preserve any objection on the record for purposes of appeal. *State v. Grubb* (1986), 28 Ohio St.3d 199, 28 OBR 285, 503 N.E.2d 142, paragraph two of the syllabus; see, also, *Renfro v. Black* (1990), 52 Ohio St.3d 27, 31, 556 N.E.2d 150, 153. Since appellant failed to proffer evidence at trial concerning the *in limine* ruling, he waived the right to assert

---

1. Initially, we note that R.C. 3105.171 became effective on January 1, 1991, *i.e.*, following the date the original and amended complaints for divorce were filed here. Since both parties and the court proceeded as if H.B. No. 514 were applicable, we do likewise. However, there is authority that R.C. 3105.171 cannot be applied retroactively to cases pending on its effective date. See *Burke v. Burke* (Mar. 9, 1993), Meigs App. No. 490, unreported, 1993 WL 63384; *Mowka v. Mowka* (Sept. 4, 1992), Lucas App. No. L–91–286, unreported, 1992 WL 213076; *Fields v. Fields* (Nov. 9, 1992), Butler App. No. 91–12–203, unreported, 1992 WL 329451; R.C. 1.48 and 1.58(A)(1).

error in the trial court's determination on appeal. Evid.R. 103(A)(2); Giannelli, Ohio Evidence Manual (1987) 23, Section 103.09; *Bd. of Commrs. v. Burgess & Niple, Ltd.* (Jan. 27, 1993), Lawrence App. No. 91CA24, unreported, 1993 WL 19521; cf. *State v. Ulis* (1992), 65 Ohio St.3d 83, 600 N.E.2d 1040. Appellant's first and second assignments of error are overruled.

Appellant's third assignment of error asserts that the trial court erred in not dealing with the issue of damage to appellant's vehicle in the division of property. The trial court entered a judgment overruling appellant's objection and adopting the referee's recommendations that appellee not be found in contempt of the court's September 13, 1990 order but, at the same time, that appellant was entitled to $1,800 in damages from appellee.

Actions for divorce were not known at common law and are thus purely statutory in nature. *Soyk v. Soyk* (1975), 45 Ohio App.2d 319, 321, 74 O.O.2d 532, 533, 345 N.E.2d 461, 463. Courts have no greater jurisdiction or power than is given by statute. *Id.* Courts of common pleas, including divisions of courts of domestic relations, have, by statute, full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. R.C. 3105.011; *Kass v. Cleveland Metro. Gen. Hosp.* (1989), 65 Ohio App.3d 264, 267, 583 N.E.2d 1012, 1014. The subject matter jurisdiction of a trial court to formulate an equitable division of the marital assets commences when either party files a complaint for divorce and a division of the marital property. *Bolinger v. Bolinger* (1990), 49 Ohio St.3d 120, 551 N.E.2d 157, syllabus.

We are persuaded that the equity powers of the trial court in the division of property in the context of a divorce action do not confer upon that court the authority to enter a judgment for damages to the vehicle titled in appellant's name where it is neither authorized by the domestic relations statutes nor demanded by either party. Cf., *e.g., Morgan v. Morgan* (1984), 16 Ohio App.3d 136, 16 OBR 143, 474 N.E.2d 1216 (the equity powers of the trial court in the determination of alimony and division of property do not confer upon that court the authority to order a sale of the former marital residence which is neither authorized by statute nor demanded by the adverse party). Nevertheless, the trial court undoubtedly possessed the requisite authority to either find appellee in contempt of its September 13, 1990 order or, alternatively, to consider the $1,800 in damage done to appellant's vehicle in its equitable division of the parties' property. Since the trial court found that appellee was not in contempt of its order, *i.e.,* the damage occurred prior thereto, it should have considered the damage in its property division instead of entering a "judgment for damages" which was beyond its statutory authority. Appellant's third assignment of error is sustained.

■ We next consider appellant's eighth assignment of error, which asserts that the trial court erred by approving appellee's proposed judgment entry prior to the expiration of the time allowed by Loc.R. XI of the Rules of Practice of the Court of Common Pleas of Scioto County, General Division. Civ.R. 58(A) provides that upon the rendering of an announced decision, the court shall promptly cause a judgment to be prepared and, the court having signed it, the clerk shall enter it upon the journal. Although Civ.R. 58(A) does not require approval or review by nonprevailing counsel when the entry is prepared by opposing counsel, local rules of trial courts frequently require such approval review prior to entry of judgment. 62 Ohio Jurisprudence 3d (1985) 344, Judgments, Section 22.

Loc.R. XI of the Rules of Practice of the Court of Common Pleas of Scioto County, General Division, provides:

"ENTRIES AND BRIEFS

"(a) All judgment entries shall be approved and signed by the Court before being filed with the Clerk of Courts. *All counsel shall have the opportunity to present objections thereto before such approval.*

"(b) In all cases other than judgments by default and cases in which entries are prepared by the Clerk, *counsel for the party in whose favor an order, decree or judgment is rendered shall within five (5) days after the decision of the Court, prepare the proper judgment entry and submit the same to counsel of the opposite party, who shall approve or reject the same, in writing, within three (3) days after the receipt thereof, counsel to whom such entry is so submitted may, within such three (3) day period, request the Court, in writing, for a hearing on the entry and until such hearing is had no entry shall be approved by the Court.* All objections to a proposed entry must be in writing and may be answered in writing. If counsel in whose favor an order, decree or judgment is rendered fails to submit or furnish the Court with the entry as herein provided, or counsel fail to agree upon the form of entry, the Court may prepare its own entry and cause it to be journalized." (Emphasis added.)

■ Both parties to this appeal agree that appellant's counsel was denied the opportunity pursuant to Loc.R. XI to object to the proposed entry and request a hearing within the period allowed by the rule since the trial court entered the judgment one day prior to the expiration of the three-day period following receipt. They differ, however, as to the effect of the trial court's failure to comply with its own rule. Generally, an appellant must demonstrate that he has been prejudiced from his inability to review a proposed journal entry before he is entitled to a reversal of judgment. *Zucker v. Cook Coffee Co.* (June 19, 1986), Cuyahoga App. No. 50804, unreported, 1986 WL 6972; see, also, *DeVito v.*

*Steinberg* (June 28, 1991), Trumbull App. No. 90–T–4437, unreported, 1991 WL 35645. A journal entry filed without the signed approval of opposing counsel as required by a rule of court is voidable upon motion of the party. See 62 Ohio Jurisprudence 3d (1985) 345, Judgments, Section 22, citing *Biglow v. Biglow* (C.P.1945), 43 Ohio Law Abs. 54; see, also, *Smith v. Carpenter* (Mar. 28, 1980), Wood App. No. WD–79–44, unreported.

Appellant was prejudiced by the trial court's premature entry of judgment in several respects, most notably: (1) he was denied the opportunity to object to the entry; Loc.R. XI expressly provides that "[a]ll counsel shall have the opportunity to present objections thereto before such approval"; (2) he was denied the opportunity to request a hearing on the entry; the rule provides that where such hearing is requested, "until such hearing is had no entry shall be approved by the Court"; and (3) he was denied the opportunity to file a timely request for findings of fact and conclusions of law pursuant to Civ.R. 52. Cf. *Linetsky v. Linetsky* (Mar. 12, 1987), Cuyahoga App. No. 51760, unreported, 1987 WL 7874 (trial court should have allowed required time period to run before entering judgment).

A timely request for findings of fact and conclusions of law would have clarified the trial court's judgment and provided the basis for a more meaningful appeal. Indeed, as appellee readily concedes, the trial court's September 11, 1992 decision, upon which its subsequent judgment entry was based, admitted that "some of the appraisals and testimony as to valuations is widely divergent and somewhat lacking and difficult for this Court to determine." Although the decision incorporated some values stipulated by the parties, the final judgment entry contains no valuation of the marital assets, interests, and debts. *Eisler v. Eisler* (1985), 24 Ohio App.3d 151, 152, 24 OBR 240, 241, 493 N.E.2d 975, 976. Furthermore, it failed to address appellant's contention that when the parties separated, there was a *de facto* termination of the marriage for purposes of determining marital property. See *Eisler, supra,* and *Connolly v. Connolly* (1990), 70 Ohio App.3d 738, 746, 591 N.E.2d 1362, 1366, for the proposition that such failure may constitute reversible error. Notwithstanding any question concerning R.C. 3105.171(G)'s applicability to this case in allocating property between the parties to a divorce, the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance with the law. *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 95, 518 N.E.2d 1197, 1200; *Rowe v. Rowe* (1990), 69 Ohio App.3d 607, 614, 591 N.E.2d 716, 720; *Baker v. Baker* (Feb. 10, 1993), Meigs App. No. 477, unreported, at 8, 1993 WL 33309. It appears that the trial court failed to fulfill the foregoing requirement by failing to specify in its judgment entry the values of the marital assets and debts, including the divergent interests in the

real property, and further failing to address appellant's *de facto* termination contention.

Finally, appellant timely moved to vacate the improperly entered judgment two days later. The trial court has never addressed appellant's motion although this court has consistently held that the filing of a notice of appeal does not divest the trial court from ruling on Civ.R. 60(B) motions for relief from judgment. See, *e.g., Day v. MacDonald* (1990), 67 Ohio App.3d 240, 245–246, 586 N.E.2d 1135, 1139, citing Whiteside, Ohio Appellate Practice (1987) 52, Section T 11.03(E).

For the foregoing reasons, we are persuaded that appellant has established the requisite prejudice from the trial court's failure to comply with its own local rule to warrant reversal of the judgment. Appellant's eighth assignment of error is sustained.

Since we have sustained appellant's third and eighth assignments of error, we need not address the merits of appellant's remaining assignments of error. App.R. 12(A)(1)(c).[2]

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion, *i.e.,* the rendition of a division of the parties' property that takes into account the $1,800 in damage done to the vehicle titled in appellant's name, an entry that contains sufficient findings of fact and conclusions of law for appellate review, and full compliance with Loc.R. XI.

*Judgment reversed*
*and cause remanded.*

PETER B. ABELE, J., concurs.

GREY, J., concurs in part and dissents in part.

GREY, Judge, concurring in part and dissenting in part.

I concur in the judgment of reversal, but I would sustain assignments of error one and two on the issue of the motion *in limine* and would add a comment on assignment of error three.

The motion *in limine* is widely misunderstood. As the majority opinion notes, the scope of the motion is rather limited. The error arising out of a motion *in limine* is not from the granting of the motion *per se,* but from the refusal to admit the evidence. Thus, like any other claim of evidentiary error, in order to

---

**2.** We note that the subject of appellant's fourth assignment of error, the trial court's characterization of certain guns as marital property, also appears to be meritorious since there is no competent, credible evidence to support a finding that the guns were purchased *after* the parties' remarriage.

preserve the claim of error on a motion *in limine,* the party must get the refused evidence into the record by means of a proffer.

A motion *in limine* is simply a pretrial procedure whereby the court orders that a party not attempt to introduce testimony at trial until it has first been proffered at trial and a ruling on its admissibility be obtained at that time. It is designed to prevent a party from dropping some bombshell in front of the jury where the prejudicial effect is such that it probably cannot be cured by any instruction. *Rinehart v. Toledo Blade Co.* (1985), 21 Ohio App.3d 274, 21 OBR 345, 487 N.E.2d 920.

But a motion *in limine* can only apply in a jury trial case. It would have no application in a bench trial because there is no way to prevent a judge from hearing about the evidence before he can rule on its admissibility.

Unfortunately, many of the trial bench and bar still consider a motion *in limine* to be the civil equivalent of the criminal motion to suppress. It is not. Nonetheless, we still have cases where it is treated as if it were—as in this case, for example. The trial court in this case granted what was called a motion *in limine,* but what the plaintiff actually asked was that only evidence about the second marriage be admissible and that evidence about the prior divorce and property settlement be declared inadmissible. The trial court called for briefs on that issue and ruled that evidence relating to the first marriage would not be admitted. It was not a ruling *in limine,* it was a ruling on admissibility. See *State v. Fewerwerker* (1985), 24 Ohio App.3d 27, 24 OBR 49, 492 N.E.2d 873.

When a trial court treats a motion *in limine* as a final ruling on the question of admissibility, an appellate court should review it on that basis. I would sustain assignments of error one and two and decide the issue of whether evidence of the prior marriage and settlement is relevant on its merits.

The majority is absolutely correct in holding that a domestic relations court cannot award a judgment for vandalism. On the other hand, it is entirely within the power of that court to make an equitable distribution of the marital assets, and R.C. 3105.171(E)(3) states:

"If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."

In this case, the trial court should have taken the willful damage, the destruction, out of appellee's share of the marital assets. I would explicitly reject the idea suggested by counsel for appellee that appellant must resort to a separate action to recover for the damage. The purpose of any lawsuit is to resolve issues, even a divorce action. To allow one party to destroy or waste

marital property and to then require the injured party to seek redress in an entirely separate action would only compound the many vexatious, bruising divorce battles. Divorcing couples who seek vengeance cause enough problems without us encouraging that kind of conduct. The only way to stop destruction, concealment or waste of marital assets is to order that it come out of the malefactor's share of the division of property.

Thus, I concur in part and dissent in part.