This is an appeal by defendant-appellant Karen Strahler from a judgment of the Washington County Court of Common Pleas that granted Ms. Strahler and plaintiff-appellee Timothy H. Strahler a divorce, awarded Ms. Strahler spousal support, and divided the parties' marital property.
The parties were married on May 30, 1967. As the result of marital discord, Mr. Strahler filed for divorce on August 6, 1996. Ms. Strahler answered and filed a counterclaim for divorce. After a final hearing, the trial court granted the parties a divorce on the grounds of incompatibility.
In her appeal, Ms. Strahler asserts two assignments of error. The first assignment challenges the trial court's award of spousal support. The second assignment challenges the court's valuation and division of the marital property. When reviewing a trial court's award of spousal support, as well as a division of property by the court, appellate courts apply an abuse of discretion standard.[1] An abuse of discretion is more than a mere error of judgment. It implies that the court's attitude is arbitrary, unreasonable, or unconscionable.[2] When applying this standard of review, appellate courts may not freely substitute their judgment for that of the trial court.[3] Every reasonable presumption must be made in favor of the trial court's findings of fact because the trial court is in the best position to determine the credibility of the evidence.[4] Applying these guidelines, we now turn to Ms. Strahler's two assignments.
 I. SPOUSAL SUPPORT
The trial court awarded Ms. Strahler the following spousal support: $1,000 per month for six consecutive months, beginning December 1, 1997; $750 per month for the following four months; $500 per month for the four following months; and $300 per month for a final four months. Ms. Strahler does not believe that this amount is enough. In her first assignment, she asserts that the trial court abused its discretion in making the award of spousal support. We disagree.
Under R.C. 3105.18, a trial court may award "appropriate and reasonable" spousal support to either party in a divorce.[5] To determine the most equitable amount, the Revised Code requires the court to consider various factors, which are listed under R.C. 3105.18(C)(1)(a) through (n). These factors include the incomes of the parties,[6] the relative earning abilities of the parties,[7] and the standard of living of the parties established during the marriage.[8] The court must consider all the factors and can not base its determination upon any one in isolation. There is no "formula" that the court must apply. Rather, the court must strive to weigh the factors in such a way as it determines will best achieve an equitable result.[9]
Ms. Strahler's chief argument against the court's award is that the court did not properly consider that she suffers from various medical and psychological problems, including Hepatitis-C and depression, that prevent her from gainful employment in the real estate business, where she began working in the 1980s. But a review of the trial court's findings reveals that the court did consider her problems. These findings were made after three days of hearings, where several witnesses, including the parties, testified and were cross-examined. The court looked at Ms. Strahler's performance as a real estate broker. It noted that she has a strong knowledge of real estate, that she has a good reputation in the business, and that she was able to earn commissions even after her problems began. The court concluded that her mental condition is improving and suggested that she has prospects of returning to the real estate business in the near future.
Upon a review of the record, we conclude that the court's findings were supported by competent and credible evidence. Although Ms. Strahler suffers from a variety of problems, the record reveals that these problems have the potential to improve or be controlled. We find it reasonable for the court to have concluded that she has prospects of returning to work.[10] Ms. Strahler has not convinced us that the court failed to consider any of the statutory factors regarding spousal support. We hold that the trial court did not abuse its discretion in awarding the amount of spousal support that it did.
Ms. Strahler also argues that the trial court erred by awarding spousal support that terminates after a specific period of time, rather than ordering that the support continue indefinitely. But spousal-support awards should generally terminate at a specific time, especially where the recipient spouse has the "resources, ability, and potential to be self-supporting."[11] In Thomas v. Thomas, for instance, this court held that the trial court did not abuse its discretion by not awarding indefinite spousal support.[12] In that case, although the recipient spouse suffered from depression, which was lowering her earning capacity, this court determined that she had the potential to recover in several years and the potential to become self-supporting.[13] This court also noted that the trial court had reserved jurisdiction to modify the order of spousal support. Thus, if the recipient spouse's condition did not improve, she could seek to modify the support order at a later date.[14]
Here, as in the Thomas case, Ms. Strahler's problems have the potential to improve or be controlled. She should realistically be able to return to her real estate job. Also, the trial court reserved jurisdiction to modify the spousal-support order. If Ms. Strahler's condition should not improve, she will be able to seek more support. In short, we hold that the trial court did not abuse its discretion in not ordering indefinite support. We overrule Ms. Strahler's first assignment.
 II. PROPERTY DIVISION
Ms. Strahler's second assignment is that the trial court abused its discretion in valuing and dividing the parties' marital property. In divorce proceedings, R.C. 3105.171
provides that a trial court shall divide marital property equally. If an equal property division would not be equitable, then the court must divide the property equitably.[15] R.C.3105.171(F)(1) through (9) provide a list of factors that the court must consider in its division of property. These factors include the assets and liabilities of the spouses[16] and the economic desirability of retaining intact an asset.[17] There are no rigid rules to determine value, as equity depends on the totality of the circumstances.[18] But a court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable, and in accordance with the law.[19]
Here, Ms. Strahler raises three general arguments regarding various properties valued and divided by the court. She first argues that the court arbitrarily assigned values to certain properties. Second, she argues that the court disregarded alleged misappropriation of money by Mr. Strahler. Third, she argues that the court arbitrarily classified certain debts created by her as her own personal debts, while classifying debts created by Mr. Strahler during the same period of time as marital debts. We hold that her first and third arguments have some merit, while the second argument does not.
 1. Property Valuations
The parties disagreed on the values of several properties. When this occurred, the trial court ultimately assigned each property a value that was the average of the values given by both parties. For example, at the hearing Mr. Strahler presented evidence that one building was worth $210,000, while Ms. Strahler presented evidence that this same building was worth $240,000. In its findings, the court concluded that the building "has a value between $210,000 and $240,000," and the court ultimately held that its value was the average of these two values: $225,000. Ms. Strahler claims that the court erred when it valued property this way. We disagree.
Both parties presented competent and credible evidence regarding the values of the properties. Where the parties presented different values for the same property, the court in its discretion needed to determine the value as equitably as possible. We hold, as other appellate courts have held in the past, that taking an average value for the properties was not an abuse of discretion.[20]
But regarding one property (referred to as the "Miller Property" and owned by a partnership in which Mr. Strahler has a 50% interest), the court did not take an average value. Ms. Strahler offered evidence that the market value of this property was $45,000 to $70,000. Mr. Strahler offered evidence that it was worth $37,000, with a partnership value to him of $9,665. On cross-examination, however, he suggested that the market value of the property might be as much as $45,000. Ultimately, the trial court, without any explanation, accepted Mr. Strahler's proposed value of $9,665. Considering that the court had taken average values for other properties and considering that the court offered no explanation for its finding, we conclude that the court may have erred in selecting this value. At the least, we cannot determine its correctness from the record. We remand to the trial court to determine an appropriate value for the Miller Property, with the basis of this determination articulated in sufficient detail to enable a reviewing court to determine that it is equitable.
 2. Misappropriation
During the pendency of their divorce, the parties sold property at 419 Second Street, which was the site of a real estate business that Ms. Strahler owned. Ms. Strahler argues that Mr. Strahler misappropriated the proceeds from this sale ($18,902.96) and that the trial court disregarded this fact when it divided the marital property. The record, however, does not support Ms. Strahler's argument. Rather, the record (which is unclear as to exactly where all of the proceeds went) shows only that some of the proceeds went to paying various bills and debts of Ms. Strahler's business. Although some of these debts were paid to businesses owned by Mr. Strahler, this does not mean that he misappropriated the money. The trial court did not abuse its discretion in not crediting $18,902.96 to the marital estate.
 3. Debt Classification
Ms. Strahler's final argument is that the trial court arbitrarily treated debts created by Mr. Strahler shortly before and after the date that he filed for divorce asmarital debts (for which both parties might be responsible), while it classified debts created by her during this same period of time as personal debts (for which only she is responsible). Specifically, she alleges that the court arbitrarily treated debts created by her (such as for chimney caps for the marital residence) as personal debts, while it considered $20,000 in mortgages taken by Mr. Strahler (on properties at 127 Arrow Drive and 129 Arrow Drive), as well as approximately $50,000 in liens on equipment at one of his businesses (the Laminate Shop), to be marital debts. She claims that the mortgages on the two Arrow Drive properties only benefited Mr. Strahler and that the court improperly assessed to her the burden of paying the mortgages on these properties. She also asserts that the approximately $50,000 in equipment purchased by Mr. Strahler for the Laminate Shop only benefited him. She claims that the Laminate Shop, which the court valued at $11,606 and awarded to Mr. Strahler, was undervalued because the court improperly subtracted the approximately $50,000 in liens from the business's gross value, while ignoring the business's retained earnings.
In making an equitable division of marital property, a trial court must consider the duration of the parties' marriage.[21] Although a trial court need not utilize the same valuation date for each item of marital property,[22] it may not arbitrarily select different dates to value different marital assets.[23] For purposes of effecting an equitable division of property, a marriage is deemed terminated upon the final hearing date.[24] But if the court finds that use of the final hearing date would be inequitable, "during the marriage" means the period of time between those dates that the court deems equitable.[25] Under R.C. 3105.171, a court is required to specify the dates it has used in determining the meaning of "during the marriage."[26]
Here, the trial court did not indicate the dates that it used in determining the duration of the parties' marriage. Without these dates, we cannot effectively address Ms. Strahler's argument that the court arbitrarily treated her debts as personal debts while treating Mr. Strahler's debts during the same period of time as marital debts. Thus, we cannot effectively address Ms. Strahler's arguments regarding the mortgages on the Arrow Drive properties and the value of the Laminate Shop. We remand to the trial court to indicate the dates it used in determining the duration of the Strahlers' marriage and, if it used different dates to value different properties, to state its reasons for doing so. We also remand to the court to explain in more detail how it treated the mortgages on the Arrow Drive properties and valued the Laminate Shop. The findings should address Ms. Strahler's arguments and contain sufficient detail to enable a reviewing court to determine that its conclusions are equitable.
 III. CONCLUSION
Therefore, we affirm in part and reverse in part the trial court's judgment. We remand this case to the trial court to make findings in accordance with this opinion and to adjust the assigned marital values accordingly. If these adjustments affect the equity of the court's current division of marital property, the court should make appropriate changes.
JUDGMENT AFFIRMED IN PART AND REVERSED IN PART AND CAUSE REMANDED
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART and the cause remanded to the trial court for further proceedings consistent with this opinion and that costs herein be taxed equally between the parties.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KLINE and ABELE, JJ.: Concur in Judgment and Opinion.
FOR THE COURT
 -------------------------- Mark P. Painter, Judge
Judge Mark P. Painter, of the First Appellate District, sitting by assignment.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Bechtol v. Bechtol (1990), 49 Ohio St.3d 21, 24,550 N.E.2d 178, 181 (spousal support);Martin v. Martin (1985), 18 Ohio St.3d 292,294-295, 480 N.E.2d 1112, 1114 (marital property).
[2] In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137,566 N.E.2d 1181, 1184.
[3] Id. at 137-138, 566 N.E.2d at 1184.
[4] Gulker v. Gulker (Aug. 6, 1996), Scioto App. No. 95CA2377, unreported.
[5] R.C. 3105.18(C)(1).
[6] R.C. 3105.18(C)(1)(a).
[7] R.C. 3105.18(C)(1)(b)
[8] R.C. 3105.18(C)(1)(g).
[9] Kaechele v. Kaechele (1988), 35 Ohio St.3d 93, 96,518 N.E.2d 1197, 1200.
[10] See Block v. Block (Aug. 27, 1981), Medina App. No. 1048, unreported (holding that trial court did not abuse discretion regarding spousal support where recipient had prospects of returning to work).
[11] Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 554 N.E.2d 83, paragraph one of the syllabus.
[12] Thomas v. Thomas (Aug. 4, 1997), Scioto App. No. 96CA2434, unreported.
[13] Id.
[14] Id.
[15] R.C. 3105.171(C)(1).
[16] R.C. 3105.171(F)(2).
[17] R.C. 3105.171(F)(5).
[18] Baker v. Baker (1992), 83 Ohio App.3d 700, 702,615 N.E.2d 699, 700.
[19] Gibson v. Gibson (1993), 87 Ohio App.3d 426, 433,622 N.E.2d 425, 429-430.
[20] See, e.g., Bredenfoerder v. Bredenfoerder (May 14, 1990), Clermont App. No. CA89-06-054, unreported; In re Erre (June 1, 1988), Richland App. No. 2550, unreported.
[21] R.C. 3105.171(F)(1).
[22] Green v. Green (June 30, 1998), Ross App. No. 97CA2333, unreported.
[23] Lones v. Lones (Jan. 16, 1998), Washington App. No. 96 CA 34, unreported.
[24] R.C. 3105.171(A)(2)(a).
[25] R.C. 3105.171(A)(2)(b).
[26] R.C. 3105.171(G).