OPINION
Plaintiff-appellant/cross-appellee Ernest V. Burnem (hereinafter "husband") appeals the January 20, 2000 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, overruling his objections to the magistrate's November 10, 1999 Decision, and approving and adopting said decision as the order of the court. Defendant-appellee/cross-appellant Frances Burnem (hereinafter "wife") also appeals the January 20, 2000 Judgment Entry, which overruled her objections to the magistrate's November 10, 1999 Decision, and her motion for sanctions and attorney fees.
 STATEMENT OF THE FACTS AND CASE
On September 1, 1998, husband filed a Complaint for Divorce in the Tuscarawas County Court of Common Pleas. Wife filed an answer and counterclaim for divorce on November 24, 1998. On that same day, wife filed a motion for a protective order, which sought to prohibit husband from taking wife's deposition. Wife based the motion on the fact she was living in Germany and traveling to the United States for a deposition would be an undue burden upon her. The magistrate granted the motion on February 2, 1999, however, the magistrate permitted husband to take wife's deposition when she arrived in the United States a few days prior to trial. The matter proceeded to trial before the magistrate on September 24, 1999. Husband and wife were the only witnesses to testify at trial. The following evidence was adduced at trial and through discovery. In 1965, husband married his first wife, Edna Burnem. Husband retained an attorney in 1967, and filed a complaint for divorce. That same year, husband was drafted into the U.S. Army and assigned to Vietnam. After husband informed his counsel of the draft notice, counsel conducted husband's deposition for use at trial. Husband left for Vietnam, believing his divorce from Edna was imminent. However, in 1971, unbeknownst to husband, his complaint was dismissed for failure to prosecute. Husband returned to the U.S. after the war, but did not inquire of the court or counsel as to the disposition of the matter. For the next thirty-one years, husband lived as if and believed he was divorced from Edna Burnem. Husband and wife were married on September 28, 1989, in Vejea, Denmark. This union was the third marriage for both parties. No children were born as issue of the marriage. Following the parties' wedding, husband and wife resided in Germany, until July 4, 1997, when husband returned to the United States. Believing husband would purchase a home in both their names, wife agreed to give husband $73,100 from the parties' joint account. Husband purchased a home in New Philadelphia, Ohio, in his name alone. Wife was unaware of the status of the deed until the commencement of this action. The parties stipulated the fair market value of the house is $61,000. There is no record evidence of husband's use of the remainder of the funds taken from the joint account, which totaled $12,100. Husband and wife had minimal contact following husband's relocation to the United States. Throughout the course of the marriage, both husband and wife were employed and both were employed full-time at the time of the trial. Wife's 1998 income, as shown on her federal tax return, was $34,846. Wife also earned interest income in the amount of $6,202. Wife's income for the first eight months of 1999, was $25,861.20. Wife is currently employed as a bank teller for the community bank at a United States' military base in Germany. Although wife is not required to pay United States' income taxes she has her employer withhold money for taxes, and then receives a full refund each year. Husband is employed as a line worker for Ohio Power. In 1998, he earned $21,396 in wages, $1,632 in unemployment compensation, and $136 in interest income. Each month, husband receives a military pension in the amount of $934, and a partial disability pension in the amount of $184. As of September 25, 1999, husband's wages were $24,791.09. Prior to the parties' marriage, wife held a certificate of deposit ("CD") in the amount of approximately $15,000. Wife did not disclose the existence of the CD to husband until her deposition, four days before trial. Each year, over the course of the marriage, wife added her federal income tax refund, her two bonuses, her interest earnings, and her other savings to the CD. The value of the CD was approximately $81,000 at the time of trial. Husband testified he had savings between $5,000 and $6,000 prior to the marriage. Additionally, he stated he deposited $12,000 of his Texas State Teachers Retirement benefits into the parties' joint account. The magistrate issued his decision on November 10, 1999. The magistrate recommended wife receive $29,651.80 more in assets than husband as a distributive award, finding such an award was appropriate as a result of wife's primary support of husband during the parties' marriage with her own funds while husband used his income for his own needs. The magistrate further recommended the parties be responsible for their own attorney fees. Via Judgment Entry filed January 20, 2000, the trial court overruled the parties' separate objections to the magistrate's decision, and approved and adopted the magistrate's recommendations as the order of the court. It is from this judgment entry husband appeals, raising the following assignments of error:
 I. THE TRIAL COURT ERRED IN MAKING A DISTRIBUTIVE AWARD WITHOUT FINDINGS OF FACT TO SUPPORT THE AMOUNT OF THE DISTRIBUTIVE AWARD.
 II. THE TRIAL COURT ERRED IN COMPUTING THE PARTIES' NET WORTHS.
Wife cross-appeals from the same, raising the following assignments of error:
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN OVERRULING APPELLEE'S OBJECTION CONCERNING MOTIONS OF APPELLEE FILED ON SEPTEMBER 20, 1999.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND COMMITTED PREJUDICIAL ERROR IN OVERRULING APPELLEE'S MOTION FOR ATTORNEY FEES AND SUIT FEES, AND THUS VIOLATING THE DUE PROCESS RIGHTS OF APPELLEE.
Any other facts relevant to our discussion of husband's and wife's assignments of error shall be contained therein.
 APPEAL I
In his first assignment of error, husband maintains the trial court erred in ordering a distributive award to wife without issuing findings of fact to support the amount of said award. A trial court has broad discretion to determine whether a distributive award of a party's separate property is equitable and appropriate under R.C. 3105.171(E). Adams v. Chambers (1992),82 Ohio App.3d 462, 466. An appellate court must not disturb a trial court's decision to make such an award absent an abuse of discretion. Id. The term "abuse of discretion" suggests more than an error of law or judgment and indicates that the trial court's decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. R.C. 3105.171(C) mandates an equal division of marital property, unless such would be inequitable under the circumstances. In dividing marital property, and in deciding whether to make a distributive award, a trial court must consider all relevant factors, including those listed in R.C. 3105.171(F). The trial court must address these statutory factors in making a decision. Neel v. Neel (1996),113 Ohio App.3d 24, 32. The trial court also must make written findings of fact to support its decision. R.C. 3105.171(G); Huener v. Huener (1996), 110 Ohio App.3d 322. We find there is good reason to require findings of fact and law when property is not divided equally. Unequal division of marital assets is allowed by statute only in order to reach an equitable outcome. In order for reviewing courts to determine whether the demands of the statute have been satisfied, the trial court must provide a basis for appellate review by recording findings of fact that support its decision. See, Szerlip v. Szerlip (1998), 129 Ohio App.3d 506,511, citing Kaechele v. Kaechele (1988), 35 Ohio St.3d 93; Gibson v. Gibson (1993), 87 Ohio App.3d 426. Herein, the trial court approved and adopted the magistrate's recommendation wife should receive $29,651.80 more in assets than husband as a distributive award "due to her primary support of [husband] during the years of the parties' marriage, while [husband] used his income primarily for his own needs during that period." Magistrate's November 10, 1999 Decision at 9. In support of this recommendation, the magistrate found: 20. During the time of the [parties'] residence together in Germany [wife] expended her net income for rent, utilities, food, and the [parties'] basic living expenses. [Husband] kept his net income during that period to himself and shared very little of it with [wife].
November 10, 1999 Decision at 6.
We find the aforementioned finding provides this Court with a sufficient basis upon which to review the trial court's decision to make a distributive award to wife. Upon review, we do not find the trial court abused its discretion in determining a distributive award was equitable and appropriate. Husband's first assignment of error is overruled.
 APPEAL II
In his second assignment of error, husband contends the trial court erred in its computation of the parties' net worths. Husband sets forth two grounds upon which he predicates this argument. First, husband submits the trial court erred in failing to impute wife's undeclared savings or, in the alternative, erred in imputing savings to husband. Husband explains the trial court imputed $12,100 in savings to him without crediting him for his living expenses during his first year in the United States, but neglected to make a similar imputation to wife despite her failure to account for approximately $20,000 she accrued in savings during 1998, the year before trial. Husband arrived at this figure by taking the sum of wife's 1998 tax refund, the interest on her CD, her two bonuses, the interest on her community bank account, plus her monthly savings, and subtracting the amount wife expended on attorney fees. Husband notes the trial court only made a finding relative to the interest wife earned on her CD. Second, husband asserts the trial court erred in failing to credit him $17,000 in premarital assets or, in the alternative, in failing to hold the parties commingled premarital assets. Husband explains the trial court found the $15,000 wife held in her CD prior to the parties' marriage to be her separate property, but failed to find husband had premarital assets in the amount of $17,000 when such assets were as equally traceable as wife's assets. Husband notes the trial court made no findings regarding his premarital assets. As set forth supra, R.C. 3105.171(G) requires the trial court to make written findings of fact indicating the basis for its property division. The purpose of findings of fact is to enable a reviewing court to determine that the property division is fair, equitable, and in accordance with law. Kaechele, supra at 97. Upon review, we agree with husband and find the magistrate did not make any findings of fact relative to wife's 1998 tax refund, her two bonuses, the interest on the community bank account, and any other savings wife may have accumulated during 1998. Additionally, the magistrate made no findings relative to the evidence husband submitted regarding his premarital savings of approximately $5,000 and his depositing $12,000 from his Texas State Teachers' Retirement Benefit into the parties' joint account. As a result of the magistrate's failure to make such findings, this Court is unable to determine whether the computation of the parties' assets was appropriate. Husband's second assignment of error is sustained.
 CROSS APPEAL I
In her first assignment of error on cross appeal, wife maintains the trial court erred and abused its discretion in overruling her motion seeking sanctions against husband for failing to provide discovery to her prior to trial. The discovery rules give the trial court great latitude in crafting sanctions to fit discovery abuses. A reviewing court's responsibility is merely to review these rulings for an abuse of discretion. Nakoff v. Fairview General Hosp. (1996), 75 Ohio St.3d 254, 256. A review of the transcript reveals prior to the commencement of trial, Attorney Joe Tripodi, counsel for wife, addressed husband's failure to provide the requested discovery to the trial court. In response, Attorney Richard Renner, counsel for husband, stated he advised Attorney Tripodi, through written correspondence, the requested documents were available for production and he [Attorney Tripodi] could contact Attorney Renner's office to make arraignments to inspect or copy the documents. According to Attorney Renner, Attorney Tripodi never followed up on this offer. In light of the foregoing, we do not find husband committed any discovery abuses. Assuming, arguendo, husband did commit such abuses, we do not find the trial court abused its discretion in overruling wife's motion for sanctions. A review of the record reveals the trial court did not permit husband to use at trial any documentary evidence which he failed to provide to wife through discovery. Wife's first assignment of error is overruled.
 CROSS APPEAL II
In her second assignment of error on cross appeal, wife submits the trial court abused its discretion and committed prejudicial error in overruling her motion for attorney fees and court costs. A trial court's determination to grant or deny a request for attorney fees will not be disturbed absent an abuse of discretion. Motorist Mut. Ins. Co. v. Brandenburg (1995), 72 Ohio St.3d 157, syllabus. Upon review of the record, we do not find the trial court abused its discretion in ordering each party to be responsible for his or her own attorney fees. Wife's second assignment of error is overruled. The judgment of the Tuscarawas County Court of Common Pleas is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings with respect to the property division in accordance with our opinion and the law.]
 _______________________ Hoffman, J.
Gwin, P.J. and Farmer, J. concur