DECISION AND JUDGMENT ENTRY
Appellant, William Kampfer, was in federal prison when he was served with appellee's divorce complaint in this matter. According to testimony by appellee, Lynn K. Kampfer, appellant was convicted of embezzling nearly $1,000,000, an amount which remains unaccounted for today.
Appellant filed a pro se answer to appellee's complaint admitting jurisdiction, but denying appellant's assertion of gross neglect and incompatibility.
The trial court set a trial date of October 26, 2000. On October 26, 2000, appellant, still acting pro se, moved to continue the matter until his anticipated release from federal custody on April 14, 2001. The trial court denied the motion and proceeded with the trial as scheduled.
At trial, appellee testified to the existence of assets of approximately $296,000 held jointly or by one party or the other. She also testified that appellant had wasted substantial assets (including a $350,000 home which was appellee's non-marital property) in an effort to make restitution to avoid federal imprisonment. Appellee requested that she be awarded all of the available assets and $1 per month in spousal support.
The trial court awarded appellee substantially all of the available assets and ordered that appellant pay appellee $10,000 per month spousal support, commencing on his release from prison.
From this decision, appellant now brings this appeal.
Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
Appellant, in three assignments of error, asserts that the trial court abused its discretion 1) when it denied his motion for a continuance, 2) in awarding substantially all available assets to appellee, and 3) in its award of spousal support.
The decisions of whether to grant a continuance, the division of marital property and the award of spousal support are all within the sound discretion of the court and will not be reversed absent an abuse of that discretion. Midland Steel Prods. Inc. v. UAW Local 486 (1991),61 Ohio St.3d 121, 130; Cherry v. Cherry (1981), 66 Ohio St.2d 348, 352. An abuse of discretion requires more than an error of law or of judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Middendorf v. Middendorf (1998),82 Ohio St.3d 397, 401.
 I.
In his first assignment of error, appellant complains that the trial court, in denying his eleventh hour continuance motion, effectively denied him the opportunity to defend at trial. Appellant concedes that it is ordinarily incumbent on a party seeking a continuance to make sure that it has been granted before relying on it. Appellant insists, however, that, since he was pro se, he should be granted special latitude. Such is not the law. Pro se litigants are bound by the same rules as any other litigant and must accept the results of their own mistakes. Meyers v. First National Bank (1981), 3 Ohio App.3d 209, 210.
Any prejudice appellant suffered by relying on a continuance which was not granted is, therefore, of his own making. Accordingly, appellant's first assignment of error is not well-taken.
 II.
Appellant complains in his second assignment of error that the trial court abused its discretion when it awarded nearly all of the parties' assets to appellee. Moreover, appellant contends the court's judgment entry was insufficient as it does not contain findings of fact supporting the court's distribution of assets.
R.C. 3105.171(E)(3) permits a court to compensate a spouse with a distributive award greater than might ordinarily be acceptable when that spouse has been the victim of "financial misconduct." The record here contains uncontested evidence that appellant engaged in financial misconduct to appellee's detriment. However, R.C. 3105.171(G) requires that, "* * * any order for the division or disbursement of property or a distributive award [must contain] written findings of fact that support the determination that the marital property has been equitably divided * * *." This requirement extends to judgments which provide for the unequal distribution of property according to equitable principals such as that permitted by R.C. 3105.171(E)(3). Szerlip v. Szerlip (1998),129 Ohio App.3d 506, 512; Gibson v. Gibson (1993), 87 Ohio App.3d 426,433. In this matter, the trial court's judgment entry failed to recite such findings. Consequently, to the extent that such findings must appear in the entry, appellant's second assignment of error is well-taken.
 III.
In his third assignment of error, appellant complains that the trial court abused its discretion in awarding appellee $10,000 per month spousal support when she had only requested an award of $1.
The only evidence concerning appellant's earning power contained in the record is that at the time of the hearing he was a federal prisoner — not a highly paid position. Furthermore, there is no evidence of record that appellant has or will have the capacity to sustain a $10,000 per month spousal support payment. Consequently, we must conclude that the trial court's decision to make such an award was arbitrary, therefore, constituting an abuse of the court's discretion. Accordingly, appellant's third assignment of error is well-taken.
On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed, in part, and reversed, in part. The matter is remanded to said court to enter the necessary findings in its judgment entry and to modify its spousal support award. Costs to appellee.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ________________________ Melvin L. Resnick, JUDGE
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.