OPINION
{¶ 1} Plaintiff-appellant Vicky Quick, f.k.a. Vicky Stocker, appeals the June 26, 2002 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, Domestic Relations Division, which adopted with modifications the magistrate's February 21, 2002 Decision, and overruled appellant's objections thereto. Defendant-appellee is Terry E. Stocker, M.D.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant and appellee were married on May 21, 1983. Two children were born as issue of said union, to wit: Natalie, who is now emancipated, and Vanessa (DOB 10/3/84). On September 27, 2001, appellant filed a Complaint for Divorce in the Tuscarawas County Court of Common Pleas, Domestic Relations Division. Appellee filed a timely answer and counterclaim for divorce. The parties stipulated they were incompatible as marriage partners. The matter proceeded to trial before the magistrate on January 16, 2002.
 {¶ 3} Prior to the commencement of trial, the parties entered into written stipulations relative to the division of real property, automobiles, personal property, and household goods, as well as the amount and duration of spousal support.
 {¶ 4} Appellee, who is a medical doctor, was self employed by his corporation, Terry Stocker, M.D., Inc. Appellant worked at the practice as an office manager and bookkeeper. The corporation funded a pension plan in which appellant and appellee participated. In 1987, the corporation took a loan in the amount of $25,000 against the pension fund to purchase a medical building from which appellee ultimately ran his practice. The corporation was required to pay the loan in full in sixty monthly installments, but failed to do so, and subsequently defaulted on the loan. As a result, the pension fund became underfunded. In addition to this debt the parties failed to file income tax returns for a period of five years. Each party was quick to blame the other for this financial situation. However, as the magistrate found, appellant "was in charge of keeping the books at the medical office, but [appellee] had administrative oversight and should have been aware that what needed to be done was not being done." Feb. 26, 2002 Nunc Pro Tunc Magistrate's Decision at 3.
 {¶ 5} The magistrate issued his decision on February 21, 2002, recommending the liabilities relative to the pension fund be divided 80% to appellee and 20% to appellant, which represented their respective contributions to the fund. Thereafter, the magistrate filed a Supplemental Decision to be read in conjunction with his February 21, 2002 Decision. Therein, the magistrate made a specific finding as to two other participants in the pension plan and found their contributions totaled 14% of the total value of the pension fund. The magistrate further found of the remaining 86% of the pension proceeds appellee contributed 75%, and appellant contributed 11%. The magistrate recommended "the marital portion of the pension fund, should be divided in accordance with percentages of the parties' incomes, that is 75% [appellee] and 11% to [appellant]." Supplemental Magistrate's Decision at 2.
 {¶ 6} The parties filed objections to the magistrate's decision. Appellant specifically objected to the magistrate's failure to set forth reasons for the inequitable division of the pension fund. Via Judgment Entry filed June 26, 2002, the trial court overruled the parties' objections to the magistrate's decisions, and adopted the magistrate's decision with modifications to the recommendation.
 {¶ 7} It is from this judgment entry appellant appeals, raising as her sole assignment of error:
 {¶ 8} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN UNEQUALLY DIVIDING THE MARITAL ASSETS AND LIABILITIES OF THE PENSION PLAN IN WHICH PLAINTIFF AND DEFENDANT HAD PARTICIPATED."
 I {¶ 9} In her sole assignment of error, appellant maintains the trial court abused its discretion in making an unequal division of the marital assets and liabilities relative to the pension plan. We agree.
 {¶ 10} A review of a trial court's division of marital property is governed by the abuse of discretion standard. Martin v. Martin (1985),18 Ohio St.3d 292. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 11} R.C. 3105.171(C) mandates an equal division of marital property, unless such would be inequitable under the circumstances. In dividing marital assets, and in deciding whether to order an unequal award, a trial court must consider all relevant factors, including those listed in R.C. 3105.171(F). The trial court must address these statutory factors in making a decision. Neel v. Neel (1996), 113 Ohio App.3d 24,32. The trial court also must make written findings of fact to support its decision. R.C. 3105.171(G); Huener v. Huener (1996),110 Ohio App.3d 322. There is good reason to require findings of fact and law when property is not divided equally. Unequal division of marital assets is allowed by statute only in order to reach an equitable outcome. In order for reviewing courts to determine whether the demands of the statute have been satisfied, the trial court must provide a basis for appellate review by recording findings of fact that support its decision. See, Szerlip v. Szerlip (1998), 129 Ohio App.3d 506, 511, citing Kaechele v. Kaechele (1988), 35 Ohio St.3d 93; Gibson v. Gibson
(1993), 87 Ohio App.3d 426.
 {¶ 12} In its June 26, 2002 Judgment Entry, the trial court ordered Aall tax liabilities and penalties pertaining to either the pension or failure to file income tax returns . . . be divided_ 80% to appellee and 20% to appellant. The trial court further ordered Athe marital portion of the pension fund_ be divided 80% to appellee and 20% to appellant. The trial court specifically noted the amount of the pension fund was Aunknown and unable to be ascertained by the parties_. The amount of the parties tax liabilities and penalties was also unknown at the time of trial.
 {¶ 13} The trial court made no finding of financial misconduct, or any other findings of fact to support its decision to divide the pension fund and tax liabilities unequally. Both were marital assets and/or liabilities which should have been divided equally in the absence of a factual finding supporting an unequal division. We are without a sufficient basis from which to review the trial court's decision to order an unequal property division, and to determine whether such an award was equitable and appropriate.
 {¶ 14} Appellant's assignment of error is sustained.
 {¶ 15} The judgment of the Tuscarawas County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this Opinion and the law.
By: Hoffman, J., Gwin, P.J., and Edwards, J. concur.